UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ANN MILNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 C 3241 |
| v. | ) |
| | ) Senior U. S. District Court Judge |
| AIMCO/BETHESDA HOLDINGS, INC. | ) George W. Lindberg |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mary Ann Milnes alleges that her former employer, defendant Aimco/Bethesda Holdings, Inc., fired her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. §§ 621–634. Defendant has moved to compel arbitration and stay proceedings based on an arbitration agreement that the parties executed in 2005.

The Federal Arbitration Act ("FAA") governs the enforceability, validity, and interpretation of an employment contract's arbitration clause. 9 U.S.C. §§ 1–16; Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121–22 (2001). The FAA requires the court to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Courts apply state law to determine whether the parties have a valid agreement to arbitrate. Koveleskie v. SBC Capital Markets, Inc., 167 F.3d 361, 366–67 (7th Cir. 1999).

Plaintiff advances two arguments in opposition to defendant's motion. First, she contends that the Illinois Personnel Record Review Act ("IPRRA") bars the court from considering the arbitration agreement because defendant did not provide a copy of the agreement

to plaintiff when she requested her employment file. 820 ILCS 40/0.01–13. Second, she contends that the 2005 arbitration agreement is no longer in effect because defendant removed the arbitration policy from its employee handbook.

The IPRRA compels employers to make certain personnel documents available to current or former employees upon request. 820 ILCS 40/2. This obligation extends to all documents which "are, have been, or are intended to be used in determining [the] employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action . . . ." Id. If an employer fails to provide a required document in response to an IPRRA request, it cannot use that document in a judicial proceeding unless the judge determines that the document was not intentionally excluded and the employee has been given a reasonable time to review the information. 820 ILCS 40/4.

Shortly after her termination, plaintiff mailed an IPRRA request to defendant. Defendant responded with a copy of plaintiff's personnel file, which included a document entitled, "Conditions Of Employment Acknowledgement And Consent" ("Consent Form"), signed by plaintiff. The Consent Form states, "I . . . agree that any dispute between AIMCO and me will be resolved under the Arbitration policy set forth on the reverse side of this acknowledgement and consent form, a copy of which is also set out in the Employee Handbook." However, in its response, defendant did not include a copy of the reverse side of the Consent Form, on which the terms of the parties' arbitration agreement were printed.

Plaintiff contends that this omission precludes defendant from using the reverse side of the Consent Form in support of its motion. Defendant counters that the IPRRA does not bind

federal courts when adjudicating federal question claims. See Park v. City of Chicago, 297 F.3d 606, 611–12 (7th Cir. 2002) (The IPRRA's sanction provision did not apply in a Title VII action). Defendant argues in the alternative that the reverse side of the Consent Form is not covered by the IPRRA, because it does not contain any employee-specific information. Defendant has provided the court with a copy of the reverse side of the Consent Form in use at the time plaintiff was hired. Defendant has also provided the court with an affidavit from its Director of Human Resources, which explains that defendant's process for retaining the Consent Form was to fax the front side of the document to its South Carolina office. Staff would not retain a copy of the reverse side of the Consent Form in employee personnel files, because that side of the document was generic to all employees, and did not contain any employee-specific information.

The court finds that defendant did not violate IPRRA when it failed to provide the reverse side of the Consent Form. The reverse side of the Consent Form was not used and was not intended to be used to determine plaintiff's qualifications for employment, promotion, transfer, additional compensation, discharge, or other disciplinary action, and is therefore not covered by the IPRRA. 820 ILCS 40/2. Even if the IPRRA did require disclosure of the document, the affidavit provided by defendant satisfies the court that it was not intentionally excluded, so the IPRRA's sanction provision would not apply. 820 ILCS 40/4. Thus, the court will consider the entire Consent Form in ruling on defendant's motion, notwithstanding the fact that defendant did not provide the reverse side of the document when it responded to plaintiff's IPRRA request. Because the court finds defendant did not violate the IPRRA, it is not necessary

to reach the issue of whether the IPRRA applies to this action in federal court.

Next, plaintiff contends that the arbitration agreement that the parties executed is no longer in effect because defendant subsequently removed the arbitration policy from its employee handbook. The Consent Form, which plaintiff signed in 2005, includes three clauses that are relevant to arbitration. First, "I have read and agreed to abide by all the rules of conduct, policies and procedures set forth in the Employee Handbook, including but not limited to . . . Arbitration . . . ." Second, "I also understand and agree that any dispute between AIMCO and me will be resolved under the Arbitration policy set forth on the reverse side of this acknowledgement and consent form, a copy of which is also set out in the Employee Handbook." Third, "I agree and understand that AIMCO has the right to and may modify, rescind or cancel all or any part of these policies, or add new rules of conduct, at any time, in its sole discretion . . . except the Arbitration policy, which can only be amended by AIMCO's and my mutual agreement."

In 2006, defendant issued a revised employee handbook that lacks an arbitration policy. The handbook states, "This version of the Team Member Handbook and the policies referenced herein supersede previous versions as of the effective date." Accordingly, plaintiff contends that by removing the arbitration agreement from its handbook, defendant nullified the arbitration agreement.

The court finds that defendant's act of removing the arbitration policy from the handbook had no effect on the continued validity of the arbitration agreement. The Consent Form states, "[A]ny dispute between AIMCO and me *will be resolved under the Arbitration policy set forth*

10 C 3241

*on the reverse side of this sheet*, a copy of which is also set out in the Employee Handbook." (emphasis added). Whether or not defendant printed a copy of it in the handbook, and whether or not defendant kept a copy of the agreement in subsequent handbooks cannot modify the agreement that was printed on the reverse side of the Consent Form. Further, although the Consent Form generally allowed defendant to make unilateral changes to any of its policies, the arbitration policy was explicitly excluded from this provision: "I agree and understand that AIMCO has the right to and may modify, rescind or cancel all or any part of these policies, or add new rules of conduct, at any time, in its sole discretion . . . *except the Arbitration policy, which can only be amended by AIMCO's and my mutual agreement*." Because an employer's unilateral act of making changes to an employment handbook does not constitute mutual consent, the court finds that the arbitration agreement is still in full force. Robinson v. Ada S. McKinley Comm. Services, Inc., 19 F.3d 359, 364 (7th Cir. 1994) (holding that no modification of the original employment contract occurred when the employer unilaterally issued a new handbook). Because the arbitration agreement is still in full force, the court grants defendant's motion.

      ORDERED: Defendant's motion to stay proceedings and compel arbitration [17] is granted.

                                        ENTER:

                                        _____
                                        GEORGE W. LINDBERG
                                        Senior U.S. District Judge

Dated: April 4, 2011